**M. G. RAGLAND, Jr., Appellant,**

v.

**T. L. HARRISON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1961.

John S. Deering, Nicholasville, for appellant.

Watts & Moynahan, Nicholasville, for appellees.

STANLEY, Commissioner.

This action by the appellant, M. G. Ragland, Jr., was apparently intended to be for specific performance of a contract to convey real estate, although the prayers of the complaint and the amended complaint only demanded of the defendants that they deliver a deed to the plaintiff "upon receipt of the payments filed in this action" and that plaintiff have judgment for his cost. The plaintiff pleaded that he had previously made a tender by check of what he regarded as the consideration. The circuit court found as a fact that the "option agreement" set up in the complaint as amended was not exercised within the period of thirty days stipulated in the writing filed therewith, and dismissed the action.

Appellant's brief discusses much that is irrelevant and not in the record. He had alleged that the property was owned by T. L. Harrison and Eliza H. Harrison and that T. L. Harrison had executed a writing filed with the complaint. It recited that in "consideration of the sum of $7.50 per day, payable at the time of conveyance for property or surrender of option and accruing from and after November 4, 1957, do hereby agree to extend for a period not exceeding thirty days after November 4, 1957, the option held by Sidney Royse and M. G. Ragland to purchase my property located" etc. The paper was signed by T. L. Harrison and by Royse and Ragland. It was not signed by Mrs. Harrison. The original option is not in the record, and it is not clear whether it was oral or written.

Aside from questions of the insufficiency of the complaint as amended to state a cause of action, the evidence as to the expiration of the option and the belated tender of the consideration fully support the court's finding.

The judgment is affirmed.